## DAVID GREGG, FOR USE, v. S. ALLEN ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF BUTLER COUNTY.

Argued October 23, 1889—Decided January 6, 1890.

Where the purchaser of real estate by articles, covenants, in consideration of the reduced price at which the real estate is sold, to assume and discharge a liability of the vendor to a third person, which is evidenced by the assignment of a judgment against the vendor, recovery thereof may be had from the vendee, in assumpsit by the plaintiff in the judgment to the creditor's use.

Before STERRETT, GREEN, CLARK, McCOLLUM and MITCH-
ELL, JJ.

No. 183 October Term 1889, Sup. Ct.; court below, No. 24
March Term 1887, C. P.

On January 12, 1887, an action in assumpsit was brought by
David Gregg, for use of Charles McCandless, against Samuel
Allen, Henry Allen and Thomas Allen. Issue.

At the trial on November 19, 1887, a verdict was rendered
for the plaintiff for $1,313.13, and on May 15, 1888, a rule for
a new trial having been discharged, judgment was entered on
the verdict, when the defendants took a writ of error to No.
115 October Term 1888, Sup. Ct., wherein on November 5,
1888, the judgment was reversed, and a venire de novo awarded:
Allen v. Gregg, 22 W. N. 520.

The remittitur having been filed in the court below, the
cause was again called for trial on April 13, 1889, when the
facts made to appear were in substance as follows:

On May 28, 1877, Robert Allen confessed judgment against
himself and in favor of Charles L. McCutcheon, for use of
David Gregg, in a scire facias sur mortgage, for the sum of
$24,440, including attorney's commissions and costs. Upon
said judgment David Gregg issued a levari facias, when Robert
Allen employed Mr. Charles McCandless and Mr. E. R. Eckley,
as his attorneys to secure a reduction of the amount of the
judgment for usurious interest paid on the indebtedness, mak-
ing with them a contract in writing by which he was to pay
them the one half of the amount of the reduction secured, and
$100 each beside, as compensation for their professional ser-
vices. Proceedings were instituted to the end proposed, re-
sulting in a decree of the court reducing the amount of the
judgment to $19,086.67. On certiorari to No. 325 November
Term 1879, Sup. Ct., the judgment, on November 26, 1880,
was reversed, on the ground that the court below had no power
to reduce the amount of the judgment, the facts being contro-
verted, without an issue to be tried by a jury: McCutcheon v
Allen, 96 Pa. 319.

The court below then directed a feigned issue to determine
how much was due on the judgment, and on January 19, 1881,
when the issue was ready for trial, the parties made a compro-

mise agreement in writing, with the following terms : " Judgment to be taken on verdict of jury against defendant for $30,000 and costs, $3,000 of which is to be assigned to Charles McCandless, attorney for defendant. This to be in consideration of the waiver of defences in this case by defendant. The land to be sold at sheriff's sale at March Term 1881, or as soon as it can be done, and purchased by David Gregg. Under the above agreement, David Gregg agrees to sell to the sons and sons-in-law of Robert Allen," etc. A verdict was accordingly taken and judgment entered thereon against the defendant for $30,000, and on the same day the plaintiff therein executed to Charles McCandless an assignment for $3,000, " pursuant to settlement of this date." This assignment, however, was not filed of record.

At March Term 1881, the land bound by the judgment was sold by process thereon and purchased by David Gregg, who on September 17, 1881, sold by articles of agreement a portion of it to Samuel Allen, Thomas Allen and Henry Allen, the defendants in this case, for the consideration of $8,500, the agreement reciting that said price was less than the real value of the land, and containing a provision on the part of the vendees, that " they the said second parties, covenant and agree to assume and hereby do assume, all liability for the three thousand dollars of the judgment of David Gregg v. Robert Allen, assigned on the 19th of January, 1881, to Charles McCandless, attorney of Robert Allen, in the settlement of the case at F. I. D., No. 3 March Term 1881, and forever keep said party from in any way being made liable for the payment of the same."

On February 22, 1884, Robert Allen executed a paper stating that the $3,000 " within mentioned, which was to be assigned to my attorney, Chas. McCandless, was to be for my use in consideration of my releasing or giving up all my defences in this case, and my attorney was fully paid for his services otherwise," and proceeding to assign and transfer the said $3,000 and its interest to Samuel, Henry and Thomas Allen.

On December 27, 1886, Charles McCandless, who then had acquired the interest of E. R. Eckley in the contract for professional compensation made originally, brought suit in Allegheny county against David Gregg, to collect the sum of

$2,173.86, being one half of the $3,000, assigned to him in pursuance of the settlement of January 19, 1881. Having obtained a judgment against David Gregg for the amount claimed, Mr. McCandless on January 11, 1887, entered satisfaction thereof on his receipt from Mr. Gregg of an assignment by the latter of his contract with Samuel, Thomas and Henry Allen, for the purchase of the land, dated September 17, 1881, the $8,500 consideration money having been previously paid to Gregg. Then, on the next day, Mr. McCandless brought the present suit.

At the close of the testimony, the court, HAZEN, P. J., charged the jury in accordance with the answers to points presented, which, inter alia, were as follows:

The plaintiff requests the court to charge:

1. The contract of settlement between Allen and Gregg of January 19, 1881, and the assignment of $3,000 by Gregg the same day, all being in writing, are to be construed by the court.

Answer: This is affirmed.[14]

2. When McCandless and Eckley made the contract with Robert Allen, a judgment was existing against Allen upon his own confession for $24,440 and interest from May 18, 1877, and this is the judgment to which this contract referred.

Answer: Affirmed.[15]

3. If the judgment of January 19, 1881, for $30,000, less the $3,000 assigned, is a reduction of the former judgment for $24,440, then to that extent the jury should find that McCandless and Eckley performed their part of the contract and became entitled to one half of said reduction.

Answer: This is affirmed, unless the jury find from the weight of evidence that this was not the result of their efforts.

4. The two judgments referred to in the last point furnish the basis for ascertaining what reduction, if any, was secured, and these judgments for this purpose are conclusive upon Robert Allen and also upon the defendants in this suit.

Answer: Affirmed.

5. If the jury find that judgment was entered for $30,000 against Robert Allen, pursuant to his agreement to waive defences, and as an equivalent for such defences $3,000 was to be

assigned by Gregg for use of Allen and his attorney, pursuant to their previous contract, such an arrangement is in effect a reduction of the judgment to the extent of $3,000, and Eckley and McCandless therefore became entitled to the one half thereof.

Answer: Affirmed.[16]

6. If the jury find that David Gregg was liable to pay C. McCandless, on January 11, 1887, the sum of $1,250, and did pay him that sum, then Gregg thereby became entitled to recover from the defendants that same sum, and this suit being for the purpose of recovering it from the defendants, the plaintiff is entitled to a verdict for whatever sum Gregg was liable to pay and did pay to McCandless, together with interest thereon from the date of its payment by Gregg.

Answer: This is affirmed.[17]

7. That any arrangement or contract by which the judgment of $24,440, and interest and costs of that judgment on January 19, 1881, would be paid off by Allen with less than the whole judgment, debt, interest and costs, was a reduction within the terms of the contract of Allen with Eckley and McCandless.

Answer: If this means that any arrangement or contract reached by Eckley and McCandless, or either of them, professionally, by which the judgment of $24,440 could be paid January 19, 1881, with less than the whole sum, then it would come within the terms of the contract of said Allen with Eckley and McCandless, and is affirmed.

8. This suit being to enforce the claim of Gregg against Henry, Samuel and Thomas Allen, by reason of their contract of September 17, 1881, wherein they assume payment of the $3,000 of the $30,000 mortgage judgment, assigned to Charles McCandless pursuant to the contract of settlement between Gregg and Robert Allen, to be paid out of the last deferred payments of the land therein sold, Gregg having received all the money on such payments from the land sold, he thereby became and was liable to McCandless and Robert Allen for the $3,000 so assigned, and said Gregg having paid to McCandless on the judgment obtained against him in Allegheny county the sum of $1,250, and that claim being assigned in writing to Charles McCandless, he, as Gregg's assignee, is entitled to recover in this suit said sum, with interest, to the same extent

that Gregg could have recovered on his written contract of September 17, 1881.

Answer: This is affirmed. Recovery in this action is the recovery of David Gregg, but that which is recovered is for the use plaintiff, McCandless.[18]

The defendants request the court to charge:

1. If the jury find from the evidence in this case that Charles McCandless and E. R. Eckley, Esqs., did not succeed in reducing the mortgage of McCutcheon, for use, v. Allen, as they undertook to do, then there can be no recovery in this case by the plaintiff.

Answer: This is affirmed.

2. If the jury find from the evidence that the $3,000 of the judgment of McCutcheon for use of Gregg v. Robert Allen on January 19, 1881, had no relation to the previous contract entered into between Charles McCandless, Eckley and Robert Allen, relative to fees, but was wholly independent of it, and was not intended to be in payment of fees, but was intended to be for the use and benefit of Robert Allen, then there can be no recovery by plaintiff in this action.

Answer: This is affirmed.

3. If the jury find that said assignment of $3,000 to Charles McCandless, who was at the time acting as attorney of Robert Allen, was wholly to him in the capacity of attorney, and not in whole or in part for his individual benefit, then the plaintiff in this action can recover nothing on account of said assignment.

Answer: This is affirmed.

4. There is nothing in the language of the assignment of the $3,000 to Charles McCandless, attorney of Robert Allen, to indicate that the amount assigned, to wit: $3,000, was to be divided between Robert Allen and Charles McCandless, and unless the jury find from the evidence in this case that said assignment was made pursuant to and was intended to carry out the original agreement made between Allen, Eckley and McCandless relative to fees, the plaintiff cannot recover.

Answer: This is affirmed.

5. Unless the jury find that the assignment of the $3,000 to McCandless, attorney of Robert Allen, was connected with and was intended to carry out the original agreement between Allen, Eckley and McCandless relative to fees, there can be

no recovery by the plaintiff in this action, and that too whether there was or was not any reduction of the mortgage and judgment effected by Eckley and McCandless as attorneys for Robert Allen.

Answer: This is affirmed.

6. The defendants in the present suit having had no notice of the pendency of the suit of Charles McCandless v. David Gregg in Allegheny county, at No. 521 January Term 1887, and no opportunity having been given them to defend against said suit, the exemplification of the record thereof, put in evidence by the plaintiff, is not even prima facie evidence against them in this action.

Answer: This is not affirmed, but under the offer it was only admitted to show the right of the use plaintiff to maintain this action, leaving defendants full opportunity to defend the action as though they had received notice to defend the suit at No. 521 January Term 1887, in Common Pleas No. 2 of Allegheny county.[13]

7. The burden of proof in this case is upon the plaintiff, and unless he has satisfied the jury by the weight of evidence, not only that the mortgage and judgment in question were reduced by Eckley and McCandless according to their undertaking, but that the assignment of the $3,000 was intended in part for the individual benefit of McCandless, there can be no recovery by the plaintiff in this action.

Answer: This is affirmed.

8. Unless the jury are satisfied from the weight of evidence that the contract of Eckley, McCandless and Allen, in regard to fees, was carried out and was intended to be carried out in the assignment of the $3,000, made some two years afterwards, there can be no recovery by plaintiffs in this action.

Answer: Affirmed; the proceedings from the inception to the conclusion on January 19, 1881, were, as we understand it, continuous.

The jury returned a verdict in favor of the plaintiff for $1,418.75. A rule for a new trial having been discharged, the defendants took this appeal, assigning for error, inter alia:

13. The answer to defendants' point.[13]

14–18. The answers to plaintiff's points.[14 to 18]

Opinion of the Court.

Mr. Jas. H. Galbreath (with him Mr. J. B. McJunkin, Mr. E. McJunkin and Mr. J. B. Bredin), for the appellants.

Mr. John M. Thompson with him Mr. Wm. Thompson and Mr. Lev. McQuistion), for the appellee.

OPINION, MR. JUSTICE GREEN:

The defendants in this case received full consideration for their covenant to indemnify Gregg against the claim of Mc-Candless, growing out of the assignment of the $3,000 part of the judgment of Gregg v. Allen, assigned to McCandless, in the lower price at which Gregg sold to them the land described in the agreement of September 17, 1881, and the fact of this consideration is there recited. The land was there stated to be sold at less than its real value, and on that account the defendants assumed all liability for the payment of the $3,000. In the present action, it is only claimed by the plaintiff that the defendants shall make good that assumption to the extent to which McCandless was interested in the $3,000, and for which he recovered against Gregg. The testimony which was rejected in the former trial having been admitted in this, and the parties being heard on the disputed questions thereby raised, the jury has found for the plaintiff, and it must be assumed, therefore, that McCandless was interested in the assignment of part of the judgment, and that he had not been otherwise paid for his professional services in connection with the original judgment. The fact that those services were rendered is demonstrated by the protracted litigation which ended in the agreement of settlement in January, 1881, and has been found by the jury; also, that the amount of Gregg's claim against Robert Allen was reduced by the sum of $3,000.

While there is some little complication, there is no mystery, about the manner in which this was done. Gregg's claim was for $30,000 on its face, but he got by the settlement $27,000. While the judgment was for $30,000, he was to assign by the settlement, and he did assign, $3,000 of it to McCandless. The reason for putting the matter in that shape was fully explained in the testimony, to be on account of subsequent judgments which would have swept away the proceeds of a sheriff's sale of the property, if the mere reduction had been made in

the amount of the judgment, with no opportunity to McCandless and Eckley to get any portion of their share of the reduction. Upon all this the parties were fully heard by the jury, who have accepted and found the plaintiff's theory to be the true one. Gregg having become a trustee for McCandless under the settlement of January 19, 1881, to the extent of his interest in the $3,000, he was subsequently obliged to make that trust good to McCandless; but, when he sold the land, or a portion of it, to the defendants at a price less than its value, and they, in consideration of that fact, agreed to pay the whole of the $3,000, we see no reason why they should not keep that covenant. They seem to contend now that Robert Allen alone was entitled to the whole of the $3,000, and that they have settled with him; but the jury has found against them on that question, and we think properly. There are numerous assignments of error, but they are not pressed separately, and we think there is no merit in any of them.

Judgment affirmed.